IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOHN J. GARCIA, | * | |
| Plaintiff | * | |
| v. | * | CIVIL No. 12-cv-1634-JKB |
| TELEDYNE ENERGY SYSTEMS, INC., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

John J. Garcia ("Plaintiff") brought this suit against Teledyne Energy Systems, Inc. ("Defendant") alleging employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* Now pending before the Court is Defendant's Motion to Dismiss (ECF No. 7). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, the motion will be GRANTED.

### I.    BACKGROUND[1]

Plaintiff is a Hispanic man who was employed by Defendant, a manufacturer and seller of power generation systems and fuel cell test equipment, from December 2008 until November 30, 2009. (Compl. Ex. 1 at 1, 3 (ECF No. 1); *id.* Ex. 2 at 2.) Plaintiff alleges that during his employment he was subjected to mistreatment by several of his co-workers. (Compl. Ex. 1 at 1-3.) Most notably for purposes of Plaintiff's race discrimination claim, Plaintiff alleges that on

---

[1] The facts are recited here as alleged by the Plaintiff, this being a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

1

November 19, 2009 one of his co-workers referred to him as a "spic." (Compl. Ex. 1 at 2.) Shortly thereafter, Plaintiff reported the incident to Defendant's ethics officer. *Id.* On November 23, 2009, Plaintiff met with two additional members of Defendant's management team, and one of them asked whether Plaintiff "wanted to change [his] story." (Compl. Ex. 1 at 3.) The day after that meeting, one of the members of the management team again asked whether Plaintiff would like to change his story and notified Plaintiff that his employment was suspended. *Id.* On November 30, 2009, Defendant terminated Plaintiff's employment, explaining that "people told them [he] wasn't working when [he] said [he] was." *Id.*

After he was terminated, Plaintiff filed a claim with the U.S. Equal Employment Opportunity Commission ("EEOC"). On March 6, 2012, the EEOC dismissed Plaintiff's claim and issued a right to sue letter. (Comp. Ex. 4 at 1.) On June 1, 2012, Plaintiff filed this suit alleging employment discrimination on the basis of race. (Compl. at 1-2.) Defendant now moves to dismiss the complaint for failure to state a claim on which relief can be granted.

## II.  LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atl. v. Twombly*, 550 U.S. 544, 556-57 (2007). In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). If after

viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 556 U.S. at 679.

A plaintiff filing *pro se* is held to a "less stringent standard[]" than is a lawyer, and the court must liberally construe his claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *accord Brown v. N.C. Dept. of Corrections*, 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations). However, even a *pro se* complaint must meet a minimum threshold of plausibility. *See, e.g., O'Neil v. Ponzi*, 394 Fed. App'x. 795, 796 (2d Cir. 2010).

### III.   ANALYSIS

Title VII makes it unlawful for an employer to discriminate against "any individual with respect to his compensation, terms, conditions, or privileges of employment" on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It also forbids employers from retaliating against an employee who has openly opposed such discrimination or any other employment practice that the statute makes unlawful. 42 U.S.C. § 2000e-3(a). It does not provide a remedy for an employer's retaliation against an employee for opposing practices, even if discriminatory, that are outside the scope of the statute. *See Crowley v. Prince George's County, Md.*, 890 F.2d 683, 687 (4th Cir. 1989). Plaintiff does not fully articulate his theory of recovery under Title VII, but it is certain that the allegations in the complaint fail to state a claim on which relief can be granted.

First, Plaintiff has failed to plead facts to support a claim for disparate treatment. A *prima facie* case of disparate treatment consists of either direct evidence of discriminatory intent,

or circumstantial evidence consisting of: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. *See White v. BFI Waste Servs.*, 375 F.3d 288, 295 (4th Cir. 2004). Plaintiff does not identify in the complaint a similarly situated employee or allege that he was treated differently than such an employee, so the complaint does not state a claim for disparate treatment under Title VII.

Second, Plaintiff has not pled facts to support a claim for a hostile work environment. To demonstrate a racially hostile work environment, Plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the Plaintiff's race; (3) which is sufficiently severe or pervasive to alter Plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer. *Mosby-Grant v. City of Hagerstown*, 630 F.3d 326, 334 (4th Cir. 2010) (quoting *Conner v. Schrader-Bridgeport Int'l, Inc.*, 227 F.3d 179, 192 (4th Cir. 2000)); *White v. BFI Waste Services, LLC*, 375 F.3d 288, 296-97 (4th Cir. 2004). The complaint describes only one instance of race-related harassment, in which Plaintiff's co-worker referred to him with a racial epithet. Although the use of such language is offensive and deplorable, a single race-based comment is generally not sufficiently severe or pervasive to "alter the 'conditions' of the victim's employment." *Mosby-Grant*, 630 F.3d at 335, 336-37; *see Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment"). Therefore, Plaintiff has failed to state a claim for a racially hostile work environment.

Third, the complaint fails to state a claim for retaliation under Title VII. In order to establish a *prima facie* case of retaliation, Plaintiff must show (1) that he engaged in an activity protected by Title VII; (2) that Defendant took an adverse employment action against him; and

(3) that a causal connection exists between (1) and (2). *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). Plaintiff's complaint fails to plead facts sufficient to support the first element of this claim. Title VII only protects an employee's complaint about a hostile work environment if there is an actual hostile work environment or the employee could reasonably have believed there was one. *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 339 (4th Cir. 2006). As explained above, the single race-based incident described in the complaint does not support a finding of a hostile work environment. Furthermore, no objectively reasonable person could have believed that it did. *See id.* at 340-41 (holding that a single slur did not support an objectively reasonable belief that a Title VII violation had occurred); *Francisco v. Verizon South, Inc.*, 756 F. Supp. 2d 705, 727 (E.D. Va. 2010) ("Where a retaliation claim is based on the employee's complaints about a hostile work environment, a single incident is insufficient to create an objectively reasonable belief that a violation of Title VII was actually occurring.") (internal citation and quotation marks omitted). Therefore, Plaintiff has failed to state a claim for retaliation.

    The rule announced in *Jordan* is the law in this circuit and controls this case. However, the Court is not convinced that this rule reflects wisdom or fairness. It is unclear whose interests are served by a rule that disincentivizes early cooperation between employers and their employees who are subjected to race-based mistreatment by co-workers. *See Greene v. MPW Indus. Servs., Inc.*, No. 06 Civ. 647 (DWA), 2006 WL 3308577, *3 (Oct. 4, 2006 W.D. Pa.) ("'Title VII depends for its enforcement upon the cooperation of employees,' and . . . 'effective enforcement [can] only be expected if employees [feel] free to approach officials with their grievances.'" (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)); *see also Faragher*, 524 U.S. at 805-05 (the primary objective of Title VII "is not to provide redress but to avoid harm"). Indeed, it seems likely that a conscientious employer would prefer to be made

aware of race-based discrimination before it becomes sufficiently severe or pervasive to create an abusive working environment and potential liability. Furthermore, as Judge King noted in dissenting from *Jordan*, this rule is unfair in light of the duty that Title VII imposes on employees to report harassing and offensive conduct or else be found "*complicit in the conduct*." 458 F.3d at 354 (King, J., dissenting) (emphasis added). Given the "unique, additive character" of hostile work environment claims, employees are required to assist employers in heading off hostile work environments before they are actionable. *Id.* at 354-355. "Only a tortured reading of Title VII can validate the proposition that an employee who has taken a step necessary to avoid complicity in a Title VII violation has not" engaged in an activity protected by Title VII. *Id.* at 355.

## IV. CONCLUSION

Accordingly, an order shall issue GRANTING Defendant's Motion to Dismiss (ECF No. 7), DISMISSING Plaintiff's claims without prejudice, and CLOSING this case.

Dated this 19th day of September, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge